Filed 12/30/2020 11:37 AM
Clerk
Allen County, Indiana
RJ

| | | |
|---|---|---|
| STATE OF INDIANA | } | IN THE ALLEN SUPERIOR COURT |
| | }SS: | **02D09-2012-CT-000635** RECEIVED JAN 11 2021 |
| COUNTY OF ALLEN | } | CAUSE NO.: _____  Allen Superior Court 9 |

SUSAN K. LEE and BRIAN D. LEE,
as Co-Personal Representatives of the
UNSUPERVISED ESTATE OF DANIEL LEE,
Deceased,

     Plaintiff,

-vs-                     **TRIAL BY JURY DEMANDED**

RBT SERVICES, INC.;
NORFOLK SOUTHERN CORPORATION; and
ARROWOOD-SOUTHERN COMPANY

     Defendants.

## COMPLAINT FOR WRONGFUL DEATH

Come now SUSAN K. LEE and BRIAN D. LEE, as Co-Personal Representatives of the

ESTATE OF DANIEL LEE, Deceased, by counsel, Robert J. Boughter of **BOUGHTER**

**SINAK, LLC** and Timothy L. Karns of **WAGNER REESE, LLP** and for their Complaint for

Wrongful Death pursuant to Ind. Code § 34-23-1-2 against Defendants, RBT SERVICES, INC.,

NORFOLK SOUTHERN CORPORATION, and ARROWOOD-SOUTHERN COMPANY,

allege and state as follows:

### I.
### PARTIES

1.     On March 5, 2020, Daniel Lee ("Daniel") was tragically killed in Fort Wayne,

Allen County, Indiana. Daniel was a resident of Fort Wayne, Allen County, Indiana at the time

of his death.

2.     On June 8, 2020, Susan K. Lee ("Susan") and Brian D. Lee ("Brian") were

appointed Co-Personal Representatives of the Unsupervised Estate of Daniel Lee by the Allen

County Superior Court under Cause Number 02D02-2006-EU-000282. Susan and Brian were

EXHIBIT A

the loving parents of Daniel. Prior to his unfortunate demise, Susan and Brian had a genuine, substantial, and ongoing relationship with Daniel.

3.    The Defendant, RBT Services, Inc. (hereinafter "RBT") is a Kentucky Corporation with its principal place of business located at 218 Corporate Drive, Elizabethtown, Kentucky 42701. RBT Services, Inc. designs, manufactures, sells, and services material handling equipment, conveying systems, and accessories, including the mobile conveyor system (hereinafter "Conveyor") that killed Daniel.

4.    The Defendant, Norfolk Southern Corporation (hereinafter "Norfolk") is a Virginia Corporation with its principal place of business located at Three Commercial Place, Norfolk Virginia 23510. On March 5, 2020, Norfolk was authorized to conduct business in the State of Indiana, including Fort Wayne, Indiana and holds itself out as one of the nation's premier railway transportation companies. Norfolk purchased and/or owned the Conveyor that killed Daniel.

5.    Arrowood-Southern Company (hereinafter "Arrowood") is a North Carolina Corporation with its principal place of business located at Three Commercial Place, Norfolk, Virginia 23510. On March 5, 2020, Arrowood was authorized to conduct business in the State of Indiana and owned the real estate located at 2536 Wayne Trace, Fort Wayne, Indiana, where Daniel met his tragic demise. Upon information and belief, Arrowood also owned the Conveyor that killed Daniel.

6.    Norfolk and/or Arrowood hired Daniel's employer, Custom Maintenance Solutions, LLC (hereinafter "CMS"), which served as a subcontractor for Norfolk and Arrowood, to transfer coal from railcar to tractor-trailers.

## II.
## ALLEN COUNTY STATE COURT JURISDICTION

7.      Plaintiff restates paragraphs 1-6 of Part I of Plaintiff's Complaint for Wrongful Death as though fully set forth herein as paragraph 7 of Part II of Plaintiff's Complaint for Wrongful Death.

8.      The Allen County Superior Court has personal jurisdiction over the parties of this cause of action because Daniel's death occurred in Fort Wayne, Allen County, Indiana and all Defendants conduct business in Fort Wayne, Allen County, Indiana. To wit, RBT designed, manufactured, sold, serviced, and maintained the Conveyor that killed Daniel. Norfolk and Arrowood were the purchasers and owners of the subject Conveyor and Arrowood further owned the premises where Daniel was killed.

9.      Venue is proper in Allen County pursuant to Trial Rule 75(A)(2)(4) and (5). To wit, Daniel was killed on property owned by Arrowood, located at 2536 Wayne Trace, Fort Wayne, Allen County, Indiana. Further, Arrowood and Norfolk were the purchasers and/or owners of the subject Conveyor that killed Daniel, the latter of whom resided in Fort Wayne, Indiana, County of Allen, at the time of his death.

10.     The Allen County Superior Court has subject matter jurisdiction over this cause because all of Plaintiff's claims herein are Indiana state law claims and there is no federal question implicated.

## III.
## THE INCIDENT-COMMON TO ALL COUNTS

11.     Plaintiff restates paragraphs 1-10 of Parts I and II of Plaintiff's Complaint for Wrongful Death as though fully set forth herein as paragraph 11 of Part III of Plaintiff's Complaint for Wrongful Death.

12.     On March 5, 2020, Daniel was working within the course of scope of his employment with CMS, transferring coal from a railcar onto the Conveyor when he became entrapped within the Conveyor and was fatally crushed. At the time of the subject incident, the main safety feature of the Conveyor was disabled, thereby preventing the conveyor belt from stopping when Daniel was inadvertently drawn into the machine.

**IV.**
**COUNT I**
**GENERAL NEGLIGENCE, DEFECTIVE DESIGN, AND INADEQUATE WARNING AND INSTRUCTION CLAIMS AGAINST RBT SERVICES, INC.**

13.     Plaintiff restates paragraphs 1-12 of Parts I, II, III of Plaintiff's Complaint for Wrongful Death as though fully set forth herein as paragraph 13 of Part IV, Count I of Plaintiff's Complaint for Wrongful Death.

14.     The Defendant, RBT, designed, produced, manufactured, programmed, distributed, sold, assembled, installed, maintained, upgraded and/or otherwise placed in the stream of commerce the Conveyor that killed Daniel Lee.

15.     As outlined *supra*, on March 5, 2020, Daniel was transferring coal from a railcar onto the Conveyor system when he became entrapped in the Conveyor, killing him.

16.     RBT owed Daniel a duty to design, manufacture, assemble, install, build, maintain, upgrade, and provide proper warnings and instructions in accordance with industry standards and other regulations and laws designed to protect the public, including Daniel, from injury or death during the expected use of the Conveyor, which duties include but are not limited to the following:

(a)     A duty to protect users of the Conveyor and its related systems, including Daniel.
(b)     A duty to keep the Conveyor and its related systems safe for the purchasers and end users of the subject product, including Daniel.
(c)     A duty to eliminate hazards in the Conveyor and its related systems by design.

(d)   A duty to design the Conveyor and its related systems to prevent death or otherwise lessen injury to the users of the subject product.

(e)   A duty to warn of the dangers of using the Conveyor and its related systems.

(f)   A duty to provide proper installation of the Conveyor and its related systems.

(f)   A duty to provide proper maintenance, service, and upgrades of the subject Conveyor and its related systems, to protect the end users of the products, including Daniel.

(g)   A duty to provide proper instruction to the end users of the subject Conveyor, including Daniel, on proper use of the subject Conveyor.

(h)   A duty to properly guard the user, including Daniel, from all hazards associated with the Conveyor and its related systems.

(i)   A duty to ensure that all safety devices of the subject Conveyor are operational, properly installed, and properly maintained.

(j)   A duty to ensure that Defendant's employees or persons contracted to assemble, install, service, maintain, and upgrade the subject Conveyor and its related systems, were properly trained and had the wherewithal to ensure that the subject Conveyor was properly installed, serviced, maintained, and upgraded in compliance with the manufacturer's express instructions and warnings.

(k)   A duty to ensure that Defendant's employees or persons contracted to maintain and upgrade the Conveyor system were competent and knew how to provide proper warnings and/or instruction to end users of the subject Conveyor, including Daniel.

(l)   A duty to design and build the safety systems of the subject Conveyor so the same cannot be bypassed and/or if a bypass is necessary for routine maintenance, then a duty to provide proper indication and/or warning to the user, including Daniel, that the subject Conveyor's safety system is bypassed or disabled.

(m)   A duty to design, manufacture, service, and maintain the subject Conveyor in compliance with industry standards, including safety standards outlined in ASME B20.1 and ANSI B11.19.

17.   Notwithstanding all of the foregoing, RBT breached the foregoing duties and was negligent in one or more of the following ways:

(a)   Defendant was negligent in the design, manufacturing, installation, assembly, service, maintenance, and upgrading of the Conveyor.

(b)   Defendant failed to design, build, install, assemble, and/or manufacture the Conveyor with adequate safety mechanisms that would have prevented the subject incident.

(c)   Defendant failed to provide reasonable warnings and instructions to the end user of the Conveyor, including Daniel.

(d)   Defendant failed to construct, build, design, program, install, assemble, service, and/or maintain the Conveyor and its related systems in a reasonably safe and prudent manner.

(e)     Defendant failed to adhere to industry standards, applicable codes, specifications, and other regulations, and laws with respect to the design, manufacturing, assembly, programming, installation, selling, service, and maintenance of the Conveyor, including ASME B20.1 and ANSI B11.19.

(f)     Defendant designed, manufactured, assembled, built, programmed, marketed, sold, installed, serviced, maintained, and/or otherwise placed in the stream of commerce the Conveyor and its related systems in a condition that was defective and unreasonably dangerous.

(g)     Defendant failed to provide proper instructions and warnings to end users of the Conveyor, including Daniel, so that the safety features worked properly.

(h)     Defendant provided express instruction on how to defeat the major safety system of the Conveyor, thereby allowing the conveyor belt to operate in an unreasonably dangerous manner.

(i)     Defendant failed to properly train its employees and/or subcontractors on how to install, assemble, service, and/or properly maintain the Conveyor and its related systems.

(j)     Defendant failed to provide proper warnings and instructions that if the safety systems were disconnected that the same must be reconnected prior to routine use of the Conveyor and its related systems.

(k)     Defendant failed to design and build the belt intake with proper guarding, rendering the Conveyor unreasonably dangerous.

(l)     Defendant failed to design and build the Conveyor to provide proper notice and warnings to end users, including Daniel, alerting end users when the safety features and safety systems have been disconnected and/or otherwise disabled.

(m)     Defendant designed and built the Conveyor to allow the conveyor belt to run with the safety system bypassed, thereby creating an unreasonably dangerous condition for end users of the product, including Daniel.

18.     As a direct and proximate result of RBT's negligent acts and/or omissions, Daniel was killed while using the Conveyor. Consequently, Plaintiff seeks all damages recoverable under the Indiana Adult Wrongful Death Act, Ind. Code § 34-23-1-2, including reasonable medical, hospital, funeral, and burial expenses; loss of Daniel's love and companionship; and attorney's fees and costs associated with the administration of the estate and prosecution of the wrongful death claim.

WHEREFORE, SUSAN K. LEE and BRIAN D. LEE, as Co-Personal Representatives of the ESTATE OF DANIEL LEE, Deceased, by counsel, Robert J. Boughter of **BOUGHTER SINAK, LLC** and Timothy L. Karns of **WAGNER REESE, LLP** pray for judgment against

the Defendant, RBT SERVICES, INC., in an amount sufficient to compensate the Unsupervised Estate of Daniel Lee, including all damages recoverable under the Indiana Adult Wrongful Death Act, Ind. Code § 34-23-1-2, for prejudgment interest, and for all other relief this court deems just and proper in the premises.

V.

<u>COUNT II</u>

<u>STRICT LIABILITY CLAIMS AGAINST</u>
<u>RBT SERVICES, INC.</u>

19.    Plaintiff restates paragraphs 1-18 of Parts I, II, III, and IV of Plaintiff's Complaint for Wrongful Death as though fully set forth herein as paragraph 19 of Part V, Count II of Plaintiff's Complaint for Wrongful Death.

20.    RBT is the "manufacturer" and "seller" of the Conveyor within the meaning of those terms as defined by Ind. Code § 34-6-2-77 and Ind. Code § 34-6-2-136, respectively.

21.    Daniel Lee was a "consumer" or "user" of the Conveyor within the meaning of those terms as defined by Ind. Code § 34-6-2-29 and Ind. Code § 34-6-2-147.

22.    The Conveyor as described herein is a "product" within the meaning of that term as defined by Ind. Code § 34-6-2-114.

23.    The Conveyor was designed, manufactured, programmed, distributed, installed, assembled, built, sold, serviced, and maintained by RBT as described herein was "unreasonably dangerous" as defined by Ind. Code § 34-6-2-146 and Ind. Code § 34-20-4-1.

24.    Daniel suffered "physical harm" leading to his death within the meaning of that term as defined by Ind. Code § 34-6-2-105.

25.    The Conveyor as designed, manufactured, assembled, built, installed, programmed, distributed, sold, upgraded, serviced, and maintained by RBT as described herein is a "defective product" as defined by Ind. Code § 34-20-4-1 and Ind. Code § 34-20-4-3.

26.     The Conveyor designed, manufactured, assembled, built, installed, programmed, distributed, sold, serviced, and maintained by RBT as described herein was expected to and did reach Daniel, without substantial alteration in the condition in which it was sold or placed in the stream of commerce.

27.     Daniel is in the class of persons that RBT reasonably foresaw, or should have reasonably foreseen, as being subject to the harm caused by the defective and unreasonably dangerous condition of the subject Conveyor.

28.     Daniel did not know of the defective and unreasonably dangerous condition of the Conveyor.

29.     Daniel did not misuse the subject Conveyor, or, in the alternative, misuse of the subject Conveyor by Daniel was reasonably foreseeable to RBT.

30.     As a direct and proximate result of RBT's actions and inactions described herein, Daniel was tragically killed by the defective Conveyor and his Estate is entitled to all damages recoverable under the Indiana Wrongful Death Act, Ind. Code § 34-23-1-2, including reasonable medical, hospital, funeral, and burial expenses; loss of Daniel's love and companionship; and attorney's fees and costs associated with the administration of the estate and prosecution of the wrongful death claim.

31.     RBT is strictly liable in tort to Plaintiff pursuant to the Indiana Product Liability Act, Indiana Code 34-20-1-1. *et seq.* because the subject Conveyor was conveyed to another party in a condition:

    (a)   Not contemplated by reasonable expected users or consumers of the product; and

    (b)   Unreasonably dangerous to the expected user or consumer when used in reasonably expected ways of handling or consumption.

**WHEREFORE,** SUSAN K. LEE and BRIAN D. LEE, as Co-Personal Representatives of the ESTATE OF DANIEL LEE, Deceased, by counsel, Robert J. Boughter of **BOUGHTER**

**SINAK, LLC** and Timothy L. Karns of **WAGNER REESE, LLP** pray for judgment against the Defendant, RBT SERVICES, INC., in an amount sufficient to compensate the Unsupervised Estate of Daniel Lee, including all damages recoverable under the Indiana Adult Wrongful Death Act, I.C., 34-23-1-2, for prejudgment interest, and for all other relief this court deems just and proper in the premises.

## VI.
## COUNT III
## GENERAL NEGLIGENCE CLAIMS AGAINST NORFOLK & ARROWOOD

32.    Plaintiff restates paragraphs 1-31 of Parts I, II, III, IV and V of Plaintiff's Complaint for Wrongful Death as though fully set forth herein as paragraph 32 of Part VI, Count III of Plaintiff's Complaint for Wrongful Death.

33.    On March 5, 2020, Norfolk and/or Arrowood were owners of the subject Conveyor and, therefore, owed a duty to Daniel to: (a) maintain the Conveyor in a reasonably safe condition to prevent injury and/or death to Daniel and other users of the Conveyor; (b) warn Daniel of any defective conditions of the subject Conveyor that said Defendants knew or should have known existed on or before March 5, 2020; (c) take reasonable measures to remedy any such defective condition of the subject Conveyor; (d) take the subject Conveyor out of use until such time as the conveyor could be properly serviced and/or repaired; and/or (e) inspect the Conveyor for defects and to ensure that all safety features of the subject conveyor were in proper working order.

34.    Further, as owners of the subject Conveyor, Norfolk and/or Arrowood supplied the Conveyor to CMS to further both CMS and Norfolk/Arrowood's mutual business interests. Accordingly, under *McGlothlin v. M & U Trucking*, 688 N.E.2d 1243 (Ind. 1997) and Restatement (Second) of Torts §§ 388, 391-393, Norfolk/Arrowood owed a non-delegable duty to inspect the Conveyor for defects and to make sure the safety systems were active and/or

otherwise in  proper working order and to further warn of any defective conditions found therein.

35.     Norfolk and/or Arrowood additionally owed a non-delegable duty to protect the health and safety of individuals working on their premises, including Daniel, under Indiana's statutes, rules, and regulations governing workplace safety.

36.     It was foreseeable to Norfolk and Arrowood that users of the Conveyor, including Daniel, could suffer significant injury or death, if the safety systems of the subject Conveyor were not active or in good working order.  At the time of the subject incident, the main safety feature of the subject Conveyor was bypassed, allowing the conveyor to run in very dangerous state and subjecting users, including Daniel, to significant risk of serious injury or death, which ultimately lead to Daniel's untimely demise.

37.     Daniel's death was preventable in all respects had Norfolk and Arrowood exercised reasonable care in inspecting and maintaining the subject Conveyor and its related safety systems.

38.     Norfolk and Arrowood negligently breached the duties that they owed to Daniel.

39.     As a direct and proximate result of the negligent acts and omissions of Norfolk and Arrowood, as aforesaid, Daniel was killed while operating the Conveyor.  Consequently, Plaintiff seeks all damages recoverable under the Indiana Adult Wrongful Death Act, Ind. Code § 34-23-1-2, including reasonable medical, hospital, funeral, and burial expenses; loss of Daniel's love and companionship; and attorney's fees and costs associated with the administration of the estate and prosecution of the wrongful death claim.

**WHEREFORE**, SUSAN K. LEE and BRIAN D. LEE, as Co-Personal Representatives of the ESTATE OF DANIEL LEE, Deceased, by counsel, Robert J. Boughter of **BOUGHTER SINAK, LLC** and Timothy L. Karns of **WAGNER REESE, LLP** pray for judgment against

the Defendants, NORFOLK SOUTHERN CORPORATION and ARROWOOD-SOUTHERN COMPANY in an amount sufficient to compensate the Unsupervised Estate of Daniel Lee, including all damages recoverable under the Indiana Adult Wrongful Death Act, Ind. Code § 34-23-1-2, for prejudgment interest, and for all other relief this court deems just and proper in the premises.

## VII.
## COUNT IV
## PREMISES LIABILITY CLAIM AGAINST ARROWOOD

38.    Plaintiff restates paragraphs 1-37 of Parts I, II, III, IV, V, and VI of Plaintiff's Complaint for Wrongful Death as though fully set forth herein as paragraph 38 of Part VII, Count IV of Plaintiff's Complaint for Wrongful Death.

39.    On March 5, 2020, Arrowood owned the premises and chattel, including the Conveyor, at 2536 Wayne Trace, Fort Wayne, Indiana 46806.

40.    On March 5, 2020, Daniel was a business invitee of Arrowood and had permission to be on the subject premises. As an invitee, Arrowood owed the highest duty of care to Daniel, including but not limited to, a duty to maintain the premises and chattel thereon in a reasonably safe condition and to warn Daniel about dangers in and about the premises, including latent dangers associated with the Conveyor.

41.    Arrowood was negligent and breached its duties owed to Daniel in one or more of the following respects:  (a) Arrowood failed to maintain the Conveyor in a reasonably safe condition to prevent injury and/or death to Daniel and other users of the Conveyor; (b) Arrowood failed to warn Daniel of the latent defective condition of the subject Conveyor despite its knowledge that said latent defect existed or, alternatively, that Arrowood should have known existed on March 5, 2020; (c) Arrowood failed to take reasonable measures to remedy the defective condition of the subject Conveyor; (d) Arrowood failed to take the subject Conveyor

11

out of use until such time as the conveyor could be properly repaired; and/or (e) Arrowood failed to inspect the Conveyor for defects and/or to ensure that all safety features of the subject conveyor were in proper working order.

42.     As a direct and proximate result of the negligent acts and omissions of Arrowood, as aforesaid, Daniel was killed while operating the Conveyor. Consequently, Plaintiff seeks all damages recoverable under the Indiana Adult Wrongful Death Act, Ind. Code § 34-23-1-2, including reasonable medical, hospital, funeral, and burial expenses; loss of Daniel's love and companionship; and attorney's fees and costs associated with the administration of the estate and prosecution of the wrongful death claim.

**WHEREFORE,**     SUSAN K. LEE and BRIAN D. LEE, as Co-Personal Representatives of the ESTATE OF DANIEL LEE, Deceased, by counsel, Robert J. Boughter of **BOUGHTER SINAK, LLC** and Timothy L. Karns of **WAGNER REESE, LLP** prays for judgment against the Defendant, ARROWOOD-SOUTHERN COMPANY in an amount sufficient to compensate the Unsupervised Estate of Daniel Lee, including all damages recoverable under the Indiana Adult Wrongful Death Act, I.C., 34-23-1-2, for prejudgment interest, and for all other relief this court deems just and proper in the premises.

Respectfully submitted:

**BOUGHTER SINAK, LLC**



**WAGNER REESE, LLP**

/s/ Timothy L. Karns

---

Robert J. Boughter, #23512-53
5150 West Jefferson Boulevard
Fort Wayne, IN 46804
Tel: 260-420-4878
Fax: 260-420-0600
robert@boughtersinak.com
*Attorney for Plaintiff*

---

Timothy L. Karns, #27190-06
11939 North Meridian Street,
Suite 100
Carmel, IN 46032
Tel: 317-569-0000
Fax: 317-569-8088
tkarns@wagnerreese.com
*Attorney for Plaintiff*

### JURY DEMAND

Comes now the Plaintiff, by counsel, and demands trial by jury against all Defendants on all issues set forth in this cause of action.

Respectfully submitted:

**BOUGHTER SINAK, LLC**

**WAGNER REESE, LLP**

/s/ Timothy L. Karns

---

Robert J. Boughter, #23512-53
5150 West Jefferson Boulevard
Fort Wayne, IN 46804
Tel: 260-420-4878
Fax: 260-420-0600
robert@boughtersinak.com
*Attorney for Plaintiff*

---

Timothy L. Karns, #27190-06
11939 North Meridian Street,
Suite 100
Carmel, IN 46032
Tel: 317-569-0000
Fax: 317-569-8088
tkarns@wagnerreese.com
*Attorney for Plaintiff*

Filed: 12/30/2020 11:37 AM
Clerk
Allen County, Indiana
RJ

| STATE OF INDIANA | } | IN THE ALLEN SUPERIOR COURT |
|---|---|---|
| | }SS: | **02D09-2012-CT-000635** |
| COUNTY OF ALLEN | } | CAUSE NO.: _Allen Superior Court 9_ |

SUSAN K. LEE and BRIAN D. LEE,     }
as Co-Personal Representatives of the     }
UNSUPERVISED ESTATE OF     }
DANIEL LEE, Deceased,     }
     }
     Plaintiff,     }
     }**Summons: Norfolk Southern Corporation**
-vs-     }     **c/o Mr. John C. Duffey, Esq.**
     }     **Stuart & Branigin**
RBT SERVICES, INC.;     }     **300 Main Street, Suite 800**
NORFOLK SOUTHERN     }     **Lafayette, IN 47901**
CORPORATION; and     }
ARROWOOD-SOUTHERN COMPANY     }
     }
     Defendants.     }

You have been sued by the person(s) named above. The claim made against you is attached to this Summons; please examine all pages carefully. The "X" marked below indicated the time limit you have to **FILE YOUR ANSWER**:

   _X_      Certified Mail          You or your attorney must file a written answer to the claim WITHIN TWENTY-THREE (23) DAYS, commencing the day after you receive this Summons, or judgment may be entered against you as claimed.

  _____      Personal Service          You or your attorney must file a written answer to the claim WITHIN TWENTY (20) DAYS, commencing the day after you receive this Summons, or judgment may be entered against you as claimed.

Your answer is considered filed the day it is received in the Office of the Clerk of the Allen Superior Court, 715 South Calhoun Street, Fort Wayne, Indiana **(260) 449-7424**. The method you choose to deliver your Answer to the Clerk's office is up to you; however, you should be able to prove that you filed the Answer. If you wish to file a claim against the other party associated with the case, you must state so in your written answer.

Dated: _12/30/2020_          _Christopher M. Narcarrow_ RJ

                             Clerk, Allen Superior Court (Seal)

Attorneys for Plaintiff:
Robert J. Boughter, #23512-53
Kenneth J. Sinak, #30857-02
**BOUGHTER SINAK, LLC**
5150 West Jefferson Boulevard
Fort Wayne, IN 46804
Tel: 260-420-4878  Fax: 260-420-0600



**Due to the current health issue and to limit the spread of illnesses, hearings shall be conducted by telephone.  Counsel may participate by telephone by making arrangements through CourtCall (1-888-882-6878) in advance of the hearing.**

**If you are not represented by an attorney, you must participate by telephone. You should contact the Court at least 24 hours in advance of the hearing at (260) 449-7463 or by email at <u>daisy.harnish@allensuperiorcourt.us</u> to provide a telephone number at which the Court can reach you. Failure to make arrangements for telephonic participation will result in the Court conducting the proceeding without the participation of the party, and may result in default or other adverse consequences for that party.**

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS | |
| COUNTY OF ALLEN | ) | CAUSE NO. <u>02D09-2012-CT-000635</u> |

| | | |
|---|---|---|
| SUSAN K. LEE and BRIAN D. LEE as | ) | ORDER FOR CASE MANAGEMENT CONFERENCE |
| Co-Personal Representatives of the | ) | |
| Unsupervised Estate of DANIEL LEE, | ) | |
| Deceased, | ) | |
|     Plaintiff(s), | ) | |
| vs. | ) | |
| | ) | |
| RBT SERVICES, INC., NORFOLK | ) | |
| SOUTHERN CORPORATION, and | ) | |
| ARROWOOD-SOUTHERN COMPANY, | ) | |
|     Defendant(s). | ) | |

This cause has been assigned to **JUDGE DAVID J. AVERY**.

**PLAINTIFF IS DIRECTED TO SERVE A COPY OF THIS ORDER SETTING CASE MANAGEMENT CONFERENCE ON DEFENDANT(S).**

The parties or their attorneys to this action are hereby directed to appear before said Judge of this Court **March 31, 2021,** at **9:00 a.m.** for a conference to consider:

**A.** Appointment of a mediator and the scheduling of a mediation date;  **B.** Discussion of jury requests/waiver;  **C.** Contested and stipulated facts and legal issues; **D.** Contentions of the parties; **E.** The discussion of issues/simplification of issues; **F.** The determination of types of discovery and scheduling deadlines; **G.** Discussion of expert witnesses; **H.** The discussion of dispositive motion issues and the setting of the motions for hearings; **I.** The scheduling of additional Pre-Trial Conference(s).

\*\*\*    **IMPORTANT:** You will **NOT** be permitted to enter the Allen County Courthouse with a cell phone or other electronic devise unless you are an attorney with an approved Allen County identification badge.  if you wish to obtain an identification badge, please call 260-449-3412.

Each party must be represented at the Case Management Conference by the attorney who expects to try this case and who shall come with authority to stipulate issues and undisputed facts and, where possible, agree to the admission into evidence or waive any requirements for the formal proof of documentary evidence.

\*\*\*    **PARTIES MAY ATTEND THE CASE MANAGEMENT CONFERENCE TELEPHONICALLY BY MAKING ARRANGEMENTS <u>IN ADVANCE OF THE DAY OF THE HEARING</u> BY CALLING <u>COURTCALL AT 1-888-882-6878.</u>**

As a result of the Case Management Conference, the Court may limit the time to complete or to file any pre-trial motions; set a date for any final pre-trial or other conference, and/or establish a schedule for the filing of any proposed pre-trial order, stipulations, or lists of witnesses and exhibits. The schedule established as a result of the Case Management Conference shall **not** be modified except by order of Court upon a showing of good cause. Said parties shall also have authority to agree upon a mediator. **SO ORDERED.**

January 6, 2021

DAVID J. AVERY, JUDGE
ALLEN SUPERIOR COURT

DISTRIBUTED TO PLAINTIFF FOR SERVICE WITH SUMMONS AND COMPLAINT TO DEFENDANT(S)

FIRST-CLASS MAIL
Hasler
01/06/2021
US POSTAGE $007.35
ZIP 46804
011D10653246



CERTIFIED MAIL

7020 1810 0001 6296 2603

**BOUGHTER SINAK, LLC**
Indiana Injury Attorneys
5150 West Jefferson Blvd.
Fort Wayne, Indiana 46804

Norfolk Southern Corporation
c/o Mr. John C. Duffey, Esq.
Stuart & Branigin
300 Main Street, Suite 800
Lafayette, IN 47901

# NOTICE

Allen Superior Court 9

RECEIVED JAN 1 1 2021
8:15 am

Susan K Lee,Brian D Lee v. RBT Services Inc,Norfolk Southern
Corporation,Arrowood-Southern Company

02D09-2012-CT-000635

02D09-2012-CT-000635

To: Norfolk Southern Corporation

c/o Mr John C Duffey Esq
Stuart & Branigin
300 Main Street Suite 800
Lafayette, IN 47901

To view any documents attached, type the hyperlink provided below in a web browser. Note this link is
valid for 21 days. If you need a copy of this document, download it immediately.

If a document is confidential, the system will prompt you to enter your email address. However, because
you received this paper notice, the court does not have a valid email address for you. Please file an
Appearance with the clerk and include a valid email on the Appearance.

If you are unable to download the document attached and need a physical copy of the document, please
contact the clerk or court.

## EVENTS

| Entry Date | File Stamped / Order Signed | Event and Comments |
|---|---|---|
| 01/06/2021 | 01/06/2021 | Order Issued<br>Order for Case Management Conference |

https://public.courts.in.gov/TrialCourt/Document?id=226172ec-66a6-480f-a196-98c70cdcb891

| OTHER PARTY - NOTICED | OTHER PARTY - ENOTICED |
|---|---|
| RBT Services Inc (Defendant)<br>Arrowood-Southern Company (Defendant) | Kenny John Sinak (Attorney)<br>Robert Justin Boughter (Attorney)<br>Stephen M Wagner (Attorney)<br>Timothy L Karns (Attorney) |

| 01/06/2021 | | Hearing Scheduling Activity<br>Initial Hearing scheduled for 03/31/2021 at 9:00 AM. |
|---|---|---|

| OTHER PARTY - NOTICED | OTHER PARTY - ENOTICED |
|---|---|
| RBT Services Inc (Defendant)<br>Arrowood-Southern Company (Defendant) | Kenny John Sinak (Attorney)<br>Robert Justin Boughter (Attorney) |

Stephen M Wagner (Attorney)
Timothy L Karns (Attorney)

Presorted First Class
U.S. Postage
PAID
Fort Wayne, IN
Permit No. 760

**CHRISTOPHER M. NANCARROW**
**Clerk of the Allen Circuit and Superior Courts**
Court Records Division
715 S. Calhoun St. Room 201 - Courthouse
Fort Wayne IN 46802-1805

RETURN SERVICE REQUESTED

**CT Corporation**

**Service of Process Transmittal**
01/11/2021
CT Log Number 538872245

| | |
|---|---|
| **TO:** | Joseph Carpenter<br>Norfolk Southern Corporation<br>THREE COMMERCIAL PLACE<br>NORFOLK, VA 23510-2191 |

**RE:** **Process Served in Indiana**

**FOR:** Arrowood - Southern Company  (Domestic State: NC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Susan K Lee and Brian D Lee, Pltfs. vs. RBT Services Inc, et al., Dfts. // To: Arrowood-Southern Company |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 02D092012CT000635 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Indianapolis, IN |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 01/11/2021 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Indiana |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/12/2021, Expected Purge Date: 01/17/2021<br><br>Image SOP<br><br>Email Notification,  Joseph Carpenter  joseph.carpenter@nscorp.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>334 North Senate Avenue<br>Indianapolis, IN 46204<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# CHRISTOPHER M. NANCARROW

**Clerk of the Allen Circuit and Superior Courts**
Court Records Division
715 S. Calhoun St. Room 201 - Courthouse
Fort Wayne IN  46802-1805

Presorted First Class
U.S. Postage
PAID
Fort Wayne, IN
Permit No. 760

·RETURN SERVICE REQUESTED



62   LACCNP1   46204

Allen Superior Court 9

Susan K Lee,Brian D Lee v. RBT Services Inc,Norfolk Southern            02D09-2012-CT-000635
Corporation,Arrowood-Southern Company

  02D09-2012-CT-000635

To:  Arrowood-Southern Company
     c/o C T Corporation System
     334 North Senate Avenue
     Indianapolis, IN 46204

To view any documents attached, type the hyperlink provided below in a web browser.  Note this link is
valid for 21 days.  If you need a copy of this document, download it immediately.

If a document is confidential, the system will prompt you to enter your email address.  However, because
you received this paper notice, the court does not have a valid email address for you.  Please file an
Appearance with the clerk and include a valid email on the Appearance.

If you are unable to download the document attached and need a physical copy of the document, please
contact the clerk or court.

EVENTS

| Entry Date | File Stamped / Order Signed | Event and Comments |
|---|---|---|
| 01/06/2021 | 01/06/2021 | Order Issued<br>Order for Case Management Conference |

  https://public.courts.in.gov/TrialCourt/Document?id=885d0490-c6c7-458e-93f2-7fe47ab6492e

OTHER PARTY - NOTICED                          OTHER PARTY - ENOTICED

RBT Services Inc (Defendant)                   Kenny John Sinak (Attorney)
Norfolk Southern Corporation (Defendant)       Robert Justin Boughter (Attorney)
                                               Stephen M Wagner (Attorney)
                                               Timothy L Karns (Attorney)

01/06/2021                        Hearing Scheduling Activity
                                  Initial Hearing scheduled for 03/31/2021 at 9:00 AM.

OTHER PARTY - NOTICED                          OTHER PARTY - ENOTICED

RBT Services Inc (Defendant)                   Kenny John Sinak (Attorney)
Norfolk Southern Corporation (Defendant)       Robert Justin Boughter (Attorney)
                                               Stephen M Wagner (Attorney)

**CT Corporation**

**Service of Process Transmittal**
01/15/2021
CT Log Number 538893178

TO: Joseph Carpenter
Norfolk Southern Corporation
THREE COMMERCIAL PLACE
NORFOLK, VA 23510-2191

RE: **Process Served in Indiana**

FOR: Arrowood - Southern Company  (Domestic State: NC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SUSAN K. LEESusan k. Lee and brian d. Lee, as co-personal representatives of the unsupervised estate of daniel lee, deceased, Pltf. vs. RBT Services, Inc., et al., Dfts. // To: Arrowood - Southern Company |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 02D092012CT000635 |
| **NATURE OF ACTION:** | Wrongful Death - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Indianapolis, IN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/15/2021 postmarked on 01/06/2021 |
| **JURISDICTION SERVED :** | Indiana |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/15/2021, Expected Purge Date: 01/20/2021<br><br>Image SOP<br><br>Email Notification,  Joseph Carpenter  joseph.carpenter@nscorp.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>334 North Senate Avenue<br>Indianapolis, IN 46204<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CERTIFIED MAIL™

7020 1810 0001 6296 2627

**Hasler**
01/06/2021
US POSTAGE $007.35⁰

FIRST-CLASS MAIL



ZIP 46804
011D10653296

**BOUGHTER SINAK, LLC**
Indiana Injury Attorneys
5150 West Jefferson Blvd.
Fort Wayne, Indiana 46804

Arrowood-Southern Company
c/o Corporation System
334 North Senate Avenue
Indianapolis, IN 46204

STATE OF INDIANA     }     IN THE ALLEN SUPERIOR COURT
                       }SS:     **02D09-2012-CT-000635**
COUNTY OF ALLEN     }     CAUSE NO.: _____ Allen Superior Court 9

SUSAN K. LEE and BRIAN D. LEE,     }
as Co-Personal Representatives of the     }
UNSUPERVISED ESTATE OF     }
DANIEL LEE, Deceased,     }
                                 }
        Plaintiff,     }
                                 }**Summons: Arrowood-Southern Company**
-vs-     }     **c/o CT Corporation System**
                                 }     **334 North Senate Avenue**
RBT SERVICES, INC.;     }     **Indianapolis, IN 46204**
NORFOLK SOUTHERN     }
CORPORATION; and     }
ARROWOOD-SOUTHERN COMPANY     }
                                 }
        Defendants.     }

You have been sued by the person(s) named above. The claim made against you is attached to this Summons; please examine all pages carefully. The "X" marked below indicated the time limit you have to **FILE YOUR ANSWER**:

      __X__ Certified Mail           .   You or your attorney must file a written answer to the claim WITHIN TWENTY-THREE (23) DAYS, commencing the day after you receive this Summons, or judgment may be entered against you as claimed.

      _____ Personal Service        You or your attorney must file a written answer to the claim WITHIN TWENTY (20) DAYS, commencing the day after you receive this Summons, or judgment may be entered against you as claimed.

Your answer is considered filed the day it is received in the Office of the Clerk of the Allen Superior Court, 715 South Calhoun Street, Fort Wayne, Indiana **(260) 449-7424**. The method you choose to deliver your Answer to the Clerk's office is up to you; however, you should be able to prove that you filed the Answer. If you wish to file a claim against the other party associated with the case, you must state so in your written answer.

Dated: __12/30/2020__          *Christopher M. Narcarrow*RJ
                              Clerk, Allen Superior Court (Seal)

Attorneys for Plaintiff:
Robert J. Boughter, #23512-53
Kenneth J. Sinak, #30857-02
**BOUGHTER SINAK, LLC**
5150 West Jefferson Boulevard
Fort Wayne, IN 46804
Tel: 260-420-4878 Fax: 260-420-0600



**Due to the current health issue and to limit the spread of illnesses, hearings shall be conducted by telephone. Counsel may participate by telephone by making arrangements through CourtCall (1-888-882-6878) in advance of the hearing.**

**If you are not represented by an attorney, you must participate by telephone. You should contact the Court at least 24 hours in advance of the hearing at (260) 449-7463 or by email at daisy.harnish@allensuperiorcourt.us to provide a telephone number at which the Court can reach you. Failure to make arrangements for telephonic participation will result in the Court conducting the proceeding without the participation of the party, and may result in default or other adverse consequences for that party.**

| | | |
|---|---|---|
| STATE OF INDIANA | )<br>) SS | IN THE ALLEN SUPERIOR COURT |
| COUNTY OF ALLEN | ) | CAUSE NO. 02D09-2012-CT-000635 |

| | |
|---|---|
| SUSAN K. LEE and BRIAN D. LEE as<br>Co-Personal Representatives of the<br>Unsupervised Estate of DANIEL LEE,<br>Deceased,<br>     Plaintiff(s),<br>vs.<br><br>RBT SERVICES, INC., NORFOLK<br>SOUTHERN CORPORATION, and<br>ARROWOOD-SOUTHERN COMPANY,<br>     Defendant(s). | ORDER FOR CASE MANAGEMENT CONFERENCE |

This cause has been assigned to **JUDGE DAVID J. AVERY**.

**PLAINTIFF IS DIRECTED TO SERVE A COPY OF THIS ORDER SETTING CASE MANAGEMENT CONFERENCE ON DEFENDANT(S).**

The parties or their attorneys to this action are hereby directed to appear before said Judge of this Court **March 31, 2021**, at **9:00 a.m.** for a conference to consider:

**A.** Appointment of a mediator and the scheduling of a mediation date; **B.** Discussion of jury requests/waiver; **C.** Contested and stipulated facts and legal issues; **D.** Contentions of the parties; **E.** The discussion of issues/simplification of issues; **F.** The determination of types of discovery and scheduling deadlines; **G.** Discussion of expert witnesses; **H.** The discussion of dispositive motion issues and the setting of the motions for hearings; **I.** The scheduling of additional Pre-Trial Conference(s).

**\*\*\***    **IMPORTANT:** You will **NOT** be permitted to enter the Allen County Courthouse with a cell phone or other electronic devise unless you are an attorney with an approved Allen County identification badge.  if you wish to obtain an identification badge, please call 260-449-3412.

Each party must be represented at the Case Management Conference by the attorney who expects to try this case and who shall come with authority to stipulate issues and undisputed facts and, where possible, agree to the admission into evidence or waive any requirements for the formal proof of documentary evidence.

**\*\*\***    **PARTIES MAY ATTEND THE CASE MANAGEMENT CONFERENCE TELEPHONICALLY BY MAKING ARRANGEMENTS IN ADVANCE OF THE DAY OF THE HEARING BY CALLING COURTCALL AT 1-888-882-6878.**

As a result of the Case Management Conference, the Court may limit the time to complete or to file any pre-trial motions; set a date for any final pre-trial or other conference, and/or establish a schedule for the filing of any proposed pre-trial order, stipulations, or lists of witnesses and exhibits. The schedule established as a result of the Case Management Conference shall **not** be modified except by order of Court upon a showing of good cause. Said parties shall also have authority to agree upon a mediator. **SO ORDERED**.

__January 6, 2021__

DAVID J. AVERY, JUDGE
ALLEN SUPERIOR COURT

**DISTRIBUTED TO PLAINTIFF FOR SERVICE WITH SUMMONS AND COMPLAINT TO DEFENDANT(S)**

Filed: 12/30/2020 11:37 AM
Clerk
Allen County, Indiana
RJ

| STATE OF INDIANA | } | IN THE ALLEN SUPERIOR COURT |
|---|---|---|
| | }SS: | **02D09-2012-CT-000635** |
| COUNTY OF ALLEN | } | CAUSE NO.: ___Allen Superior Court 9___ |

SUSAN K. LEE and BRIAN D. LEE,     }
as Co-Personal Representatives of the    }
UNSUPERVISED ESTATE OF DANIEL LEE,  }
Deceased,    }
    }
    Plaintiff,    }
    }
-vs-    }**TRIAL BY JURY DEMANDED**
    }
RBT SERVICES, INC.;    }
NORFOLK SOUTHERN CORPORATION; and  }
ARROWOOD-SOUTHERN COMPANY    }
    }
    Defendants.    }

## COMPLAINT FOR WRONGFUL DEATH

Come now SUSAN K. LEE and BRIAN D. LEE, as Co-Personal Representatives of the

ESTATE OF DANIEL LEE, Deceased, by counsel, Robert J. Boughter of **BOUGHTER**

**SINAK, LLC** and Timothy L. Karns of **WAGNER REESE, LLP** and for their Complaint for

Wrongful Death pursuant to Ind. Code § 34-23-1-2 against Defendants, RBT SERVICES, INC.,

NORFOLK SOUTHERN CORPORATION, and ARROWOOD-SOUTHERN COMPANY,

allege and state as follows:

## I.
## PARTIES

1.     On March 5, 2020, Daniel Lee ("Daniel") was tragically killed in Fort Wayne,

Allen County, Indiana. Daniel was a resident of Fort Wayne, Allen County, Indiana at the time

of his death.

2.     On June 8, 2020, Susan K. Lee ("Susan") and Brian D. Lee ("Brian") were

appointed Co-Personal Representatives of the Unsupervised Estate of Daniel Lee by the Allen

County Superior Court under Cause Number 02D02-2006-EU-000282. Susan and Brian were

the loving parents of Daniel.  Prior to his unfortunate demise, Susan and Brian had a genuine, substantial, and ongoing relationship with Daniel.

3.     The Defendant, RBT Services, Inc. (hereinafter "RBT") is a Kentucky Corporation with its principal place of business located at 218 Corporate Drive, Elizabethtown, Kentucky 42701.  RBT Services, Inc. designs, manufactures, sells, and services material handling equipment, conveying systems, and accessories, including the mobile conveyor system (hereinafter "Conveyor") that killed Daniel.

4.     The Defendant, Norfolk Southern Corporation (hereinafter "Norfolk") is a Virginia Corporation with its principal place of business located at Three Commercial Place, Norfolk Virginia 23510.  On March 5, 2020, Norfolk was authorized to conduct business in the State of Indiana, including Fort Wayne, Indiana and holds itself out as one of the nation's premier railway transportation companies. Norfolk purchased and/or owned the Conveyor that killed Daniel.

5.     Arrowood-Southern Company (hereinafter "Arrowood") is a North Carolina Corporation with its principal place of business located at Three Commercial Place, Norfolk, Virginia 23510.  On March 5, 2020, Arrowood was authorized to conduct business in the State of Indiana and owned the real estate located at 2536 Wayne Trace, Fort Wayne, Indiana, where Daniel met his tragic demise. Upon information and belief, Arrowood also owned the Conveyor that killed Daniel.

6.     Norfolk and/or Arrowood hired Daniel's employer, Custom Maintenance Solutions, LLC (hereinafter "CMS"), which served as a subcontractor for Norfolk and Arrowood, to transfer coal from railcar to tractor-trailers.

2

## II.
## ALLEN COUNTY STATE COURT JURISDICTION

7.      Plaintiff restates paragraphs 1-6 of Part I of Plaintiff's Complaint for Wrongful Death as though fully set forth herein as paragraph 7 of Part II of Plaintiff's Complaint for Wrongful Death.

8.      The Allen County Superior Court has personal jurisdiction over the parties of this cause of action because Daniel's death occurred in Fort Wayne, Allen County, Indiana and all Defendants conduct business in Fort Wayne, Allen County, Indiana. To wit, RBT designed, manufactured, sold, serviced, and maintained the Conveyor that killed Daniel. Norfolk and Arrowood were the purchasers and owners of the subject Conveyor and Arrowood further owned the premises where Daniel was killed.

9.      Venue is proper in Allen County pursuant to Trial Rule 75(A)(2)(4) and (5). To wit, Daniel was killed on property owned by Arrowood, located at 2536 Wayne Trace, Fort Wayne, Allen County, Indiana. Further, Arrowood and Norfolk were the purchasers and/or owners of the subject Conveyor that killed Daniel, the latter of whom resided in Fort Wayne, Indiana, County of Allen, at the time of his death.

10.     The Allen County Superior Court has subject matter jurisdiction over this cause because all of Plaintiff's claims herein are Indiana state law claims and there is no federal question implicated.

## III.
## THE INCIDENT-COMMON TO ALL COUNTS

11.     Plaintiff restates paragraphs 1-10 of Parts I and II of Plaintiff's Complaint for Wrongful Death as though fully set forth herein as paragraph 11 of Part III of Plaintiff's Complaint for Wrongful Death.

12.     On March 5, 2020, Daniel was working within the course of scope of his employment with CMS, transferring coal from a railcar onto the Conveyor when he became entrapped within the Conveyor and was fatally crushed. At the time of the subject incident, the main safety feature of the Conveyor was disabled, thereby preventing the conveyor belt from stopping when Daniel was inadvertently drawn into the machine.

**IV.**
**COUNT I**
**GENERAL NEGLIGENCE, DEFECTIVE DESIGN, AND INADEQUATE WARNING**
**AND INSTRUCTION CLAIMS AGAINST RBT SERVICES, INC.**

13.     Plaintiff restates paragraphs 1-12 of Parts I, II, III of Plaintiff's Complaint for Wrongful Death as though fully set forth herein as paragraph 13 of Part IV, Count I of Plaintiff's Complaint for Wrongful Death.

14.     The Defendant, RBT, designed, produced, manufactured, programmed, distributed, sold, assembled, installed, maintained, upgraded and/or otherwise placed in the stream of commerce the Conveyor that killed Daniel Lee.

15.     As outlined *supra*, on March 5, 2020, Daniel was transferring coal from a railcar onto the Conveyor system when he became entrapped in the Conveyor, killing him.

16.     RBT owed Daniel a duty to design, manufacture, assemble, install, build, maintain, upgrade, and provide proper warnings and instructions in accordance with industry standards and other regulations and laws designed to protect the public, including Daniel, from injury or death during the expected use of the Conveyor, which duties include but are not limited to the following:

(a)     A duty to protect users of the Conveyor and its related systems, including Daniel.

(b)     A duty to keep the Conveyor and its related systems safe for the purchasers and end users of the subject product, including Daniel.

(c)     A duty to eliminate hazards in the Conveyor and its related systems by design.

4

(d)     A duty to design the Conveyor and its related systems to prevent death or otherwise lessen injury to the users of the subject product.

(e)     A duty to warn of the dangers of using the Conveyor and its related systems.

(f)     A duty to provide proper installation of the Conveyor and its related systems.

(f)     A duty to provide proper maintenance, service, and upgrades of the subject Conveyor and its related systems, to protect the end users of the products, including Daniel.

(g)     A duty to provide proper instruction to the end users of the subject Conveyor, including Daniel, on proper use of the subject Conveyor.

(h)     A duty to properly guard the user, including Daniel, from all hazards associated with the Conveyor and its related systems.

(i)     A duty to ensure that all safety devices of the subject Conveyor are operational, properly installed, and properly maintained.

(j)     A duty to ensure that Defendant's employees or persons contracted to assemble, install, service, maintain, and upgrade the subject Conveyor and its related systems, were properly trained and had the wherewithal to ensure that the subject Conveyor was properly installed, serviced, maintained, and upgraded in compliance with the manufacturer's express instructions and warnings.

(k)     A duty to ensure that Defendant's employees or persons contracted to maintain and upgrade the Conveyor system were competent and knew how to provide proper warnings and/or instruction to end users of the subject Conveyor, including Daniel.

(l)     A duty to design and build the safety systems of the subject Conveyor so the same cannot be bypassed and/or if a bypass is necessary for routine maintenance, then a duty to provide proper indication and/or warning to the user, including Daniel, that the subject Conveyor's safety system is bypassed or disabled.

(m)     A duty to design, manufacture, service, and maintain the subject Conveyor in compliance with industry standards, including safety standards outlined in ASME B20.1 and ANSI B11.19.

17.     Notwithstanding all of the foregoing, RBT breached the foregoing duties and was negligent in one or more of the following ways:

(a)     Defendant was negligent in the design, manufacturing, installation, assembly, service, maintenance, and upgrading of the Conveyor.

(b)     Defendant failed to design, build, install, assemble, and/or manufacture the Conveyor with adequate safety mechanisms that would have prevented the subject incident.

(c)     Defendant failed to provide reasonable warnings and instructions to the end user of the Conveyor, including Daniel.

(d)     Defendant failed to construct, build, design, program, install, assemble, service, and/or maintain the Conveyor and its related systems in a reasonably safe and prudent manner.

5

(e)     Defendant failed to adhere to industry standards, applicable codes, specifications, and other regulations, and laws with respect to the design, manufacturing, assembly, programming, installation, selling, service, and maintenance of the Conveyor, including ASME B20.1 and ANSI B11.19.

(f)     Defendant designed, manufactured, assembled, built, programmed, marketed, sold, installed, serviced, maintained, and/or otherwise placed in the stream of commerce the Conveyor and its related systems in a condition that was defective and unreasonably dangerous.

(g)     Defendant failed to provide proper instructions and warnings to end users of the Conveyor, including Daniel, so that the safety features worked properly.

(h)     Defendant provided express instruction on how to defeat the major safety system of the Conveyor, thereby allowing the conveyor belt to operate in an unreasonably dangerous manner.

(i)     Defendant failed to properly train its employees and/or subcontractors on how to install, assemble, service, and/or properly maintain the Conveyor and its related systems.

(j)     Defendant failed to provide proper warnings and instructions that if the safety systems were disconnected that the same must be reconnected prior to routine use of the Conveyor and its related systems.

(k)     Defendant failed to design and build the belt intake with proper guarding, rendering the Conveyor unreasonably dangerous.

(l)     Defendant failed to design and build the Conveyor to provide proper notice and warnings to end users, including Daniel, alerting end users when the safety features and safety systems have been disconnected and/or otherwise disabled.

(m)     Defendant designed and built the Conveyor to allow the conveyor belt to run with the safety system bypassed, thereby creating an unreasonably dangerous condition for end users of the product, including Daniel.

18.     As a direct and proximate result of RBT's negligent acts and/or omissions, Daniel was killed while using the Conveyor. Consequently, Plaintiff seeks all damages recoverable under the Indiana Adult Wrongful Death Act, Ind. Code § 34-23-1-2, including reasonable medical, hospital, funeral, and burial expenses; loss of Daniel's love and companionship; and attorney's fees and costs associated with the administration of the estate and prosecution of the wrongful death claim.

**WHEREFORE,** SUSAN K. LEE and BRIAN D. LEE, as Co-Personal Representatives of the ESTATE OF DANIEL LEE, Deceased, by counsel, Robert J. Boughter of **BOUGHTER SINAK, LLC** and Timothy L. Karns of **WAGNER REESE, LLP** pray for judgment against

the Defendant, RBT SERVICES, INC., in an amount sufficient to compensate the Unsupervised Estate of Daniel Lee, including all damages recoverable under the Indiana Adult Wrongful Death Act, Ind. Code § 34-23-1-2, for prejudgment interest, and for all other relief this court deems just and proper in the premises.

**V.**
**COUNT II**
**STRICT LIABILITY CLAIMS AGAINST**
**RBT SERVICES, INC.**

19.    Plaintiff restates paragraphs 1-18 of Parts I, II, III, and IV of Plaintiff's Complaint for Wrongful Death as though fully set forth herein as paragraph 19 of Part V, Count II of Plaintiff's Complaint for Wrongful Death.

20.    RBT is the "manufacturer" and "seller" of the Conveyor within the meaning of those terms as defined by Ind. Code § 34-6-2-77 and Ind. Code § 34-6-2-136, respectively.

21.    Daniel Lee was a "consumer" or "user" of the Conveyor within the meaning of those terms as defined by Ind. Code § 34-6-2-29 and Ind. Code § 34-6-2-147.

22.    The Conveyor as described herein is a "product" within the meaning of that term as defined by Ind. Code § 34-6-2-114.

23.    The Conveyor was designed, manufactured, programmed, distributed, installed, assembled, built, sold, serviced, and maintained by RBT as described herein was "unreasonably dangerous" as defined by Ind. Code § 34-6-2-146 and Ind. Code § 34-20-4-1.

24.    Daniel suffered "physical harm" leading to his death within the meaning of that term as defined by Ind. Code § 34-6-2-105.

25.    The Conveyor as designed, manufactured, assembled, built, installed, programmed, distributed, sold, upgraded, serviced, and maintained by RBT as described herein is a "defective product" as defined by Ind. Code § 34-20-4-1 and Ind. Code § 34-20-4-3.

7

26.    The Conveyor designed, manufactured, assembled, built, installed, programmed, distributed, sold, serviced, and maintained by RBT as described herein was expected to and did reach Daniel, without substantial alteration in the condition in which it was sold or placed in the stream of commerce.

27.    Daniel is in the class of persons that RBT reasonably foresaw, or should have reasonably foreseen, as being subject to the harm caused by the defective and unreasonably dangerous condition of the subject Conveyor.

28.    Daniel did not know of the defective and unreasonably dangerous condition of the Conveyor.

29.    Daniel did not misuse the subject Conveyor, or, in the alternative, misuse of the subject Conveyor by Daniel was reasonably foreseeable to RBT.

30.    As a direct and proximate result of RBT's actions and inactions described herein, Daniel was tragically killed by the defective Conveyor and his Estate is entitled to all damages recoverable under the Indiana Wrongful Death Act, Ind. Code § 34-23-1-2, including reasonable medical, hospital, funeral, and burial expenses; loss of Daniel's love and companionship; and attorney's fees and costs associated with the administration of the estate and prosecution of the wrongful death claim.

31.    RBT is strictly liable in tort to Plaintiff pursuant to the Indiana Product Liability Act, Indiana Code 34-20-1-1. *et seq.* because the subject Conveyor was conveyed to another party in a condition:

(a)    Not contemplated by reasonable expected users or consumers of the product; and

(b)    Unreasonably dangerous to the expected user or consumer when used in reasonably expected ways of handling or consumption.

**WHEREFORE**, SUSAN K. LEE and BRIAN D. LEE, as Co-Personal Representatives of the ESTATE OF DANIEL LEE, Deceased, by counsel, Robert J. Boughter of **BOUGHTER**

8

**SINAK, LLC** and Timothy L. Karns of **WAGNER REESE, LLP** pray for judgment against the Defendant, RBT SERVICES, INC., in an amount sufficient to compensate the Unsupervised Estate of Daniel Lee, including all damages recoverable under the Indiana Adult Wrongful Death Act, I.C., 34-23-1-2, for prejudgment interest, and for all other relief this court deems just and proper in the premises.

**VI.**
**COUNT III**
**GENERAL NEGLIGENCE CLAIMS AGAINST NORFOLK & ARROWOOD**

32.     Plaintiff restates paragraphs 1-31 of Parts I, II, III, IV and V of Plaintiff's Complaint for Wrongful Death as though fully set forth herein as paragraph 32 of Part VI, Count III of Plaintiff's Complaint for Wrongful Death.

33.     On March 5, 2020, Norfolk and/or Arrowood were owners of the subject Conveyor and, therefore, owed a duty to Daniel to:  (a) maintain the Conveyor in a reasonably safe condition to prevent injury and/or death to Daniel and other users of the Conveyor; (b) warn Daniel of any defective conditions of the subject Conveyor that said Defendants knew or should have known existed on or before March 5, 2020; (c) take reasonable measures to remedy any such defective condition of the subject Conveyor; (d) take the subject Conveyor out of use until such time as the conveyor could be properly serviced and/or repaired; and/or (e) inspect the Conveyor for defects and to ensure that all safety features of the subject conveyor were in proper working order.

34.     Further, as owners of the subject Conveyor, Norfolk and/or Arrowood supplied the Conveyor to CMS to further both CMS and Norfolk/Arrowood's mutual business interests. Accordingly, under *McGlothlin v. M & U Trucking*, 688 N.E.2d 1243 (Ind. 1997) and Restatement (Second) of Torts §§ 388, 391-393, Norfolk/Arrowood owed a non-delegable duty to inspect the Conveyor for defects and to make sure the safety systems were active and/or

9

otherwise in  proper working order and to further warn of any defective conditions found therein.

35.     Norfolk and/or Arrowood additionally owed a non-delegable duty to protect the health and safety of individuals working on their premises, including Daniel, under Indiana's statutes, rules, and regulations governing workplace safety.

36.     It was foreseeable to Norfolk and Arrowood that users of the Conveyor, including Daniel, could suffer significant injury or death, if the safety systems of the subject Conveyor were not active or in good working order.  At the time of the subject incident, the main safety feature of the subject Conveyor was bypassed, allowing the conveyor to run in very dangerous state and subjecting users, including Daniel, to significant risk of serious injury or death, which ultimately lead to Daniel's untimely demise.

37.     Daniel's death was preventable in all respects had Norfolk and Arrowood exercised reasonable care in inspecting and maintaining the subject Conveyor and its related safety systems.

38.     Norfolk and Arrowood negligently breached the duties that they owed to Daniel.

39.     As a direct and proximate result of the negligent acts and omissions of Norfolk and Arrowood, as aforesaid, Daniel was killed while operating the Conveyor.  Consequently, Plaintiff seeks all damages recoverable under the Indiana Adult Wrongful Death Act, Ind. Code § 34-23-1-2, including reasonable medical, hospital, funeral, and burial expenses; loss of Daniel's love and companionship; and attorney's fees and costs associated with the administration of the estate and prosecution of the wrongful death claim.

**WHEREFORE,** SUSAN K. LEE and BRIAN D. LEE, as Co-Personal Representatives of the ESTATE OF DANIEL LEE, Deceased, by counsel, Robert J. Boughter of **BOUGHTER SINAK, LLC** and Timothy L. Karns of **WAGNER REESE, LLP** pray for judgment against

10

the Defendants, NORFOLK SOUTHERN CORPORATION and ARROWOOD-SOUTHERN

COMPANY in an amount sufficient to compensate the Unsupervised Estate of Daniel Lee,

including all damages recoverable under the Indiana Adult Wrongful Death Act, Ind. Code §

34-23-1-2, for prejudgment interest, and for all other relief this court deems just and proper in

the premises.

## VII.
## COUNT IV
## PREMISES LIABILITY CLAIM AGAINST ARROWOOD

38.     Plaintiff restates paragraphs 1-37 of Parts I, II, III, IV, V, and VI of Plaintiff's

Complaint for Wrongful Death as though fully set forth herein as paragraph 38 of Part VII,

Count IV of Plaintiff's Complaint for Wrongful Death.

39.     On March 5, 2020, Arrowood owned the premises and chattel, including the

Conveyor, at 2536 Wayne Trace, Fort Wayne, Indiana 46806.

40.     On March 5, 2020, Daniel was a business invitee of Arrowood and had

permission to be on the subject premises. As an invitee, Arrowood owed the highest duty of

care to Daniel, including but not limited to, a duty to maintain the premises and chattel thereon

in a reasonably safe condition and to warn Daniel about dangers in and about the premises,

including latent dangers associated with the Conveyor.

41.     Arrowood was negligent and breached its duties owed to Daniel in one or more

of the following respects: (a) Arrowood failed to maintain the Conveyor in a reasonably safe

condition to prevent injury and/or death to Daniel and other users of the Conveyor; (b)

Arrowood failed to warn Daniel of the latent defective condition of the subject Conveyor despite

its knowledge that said latent defect existed or, alternatively, that Arrowood should have known

existed on March 5, 2020; (c) Arrowood failed to take reasonable measures to remedy the

defective condition of the subject Conveyor; (d) Arrowood failed to take the subject Conveyor

11

out of use until such time as the conveyor could be properly repaired; and/or (e) Arrowood failed to inspect the Conveyor for defects and/or to ensure that all safety features of the subject conveyor were in proper working order.

42.     As a direct and proximate result of the negligent acts and omissions of Arrowood, as aforesaid, Daniel was killed while operating the Conveyor. Consequently, Plaintiff seeks all damages recoverable under the Indiana Adult Wrongful Death Act, Ind. Code § 34-23-1-2, including reasonable medical, hospital, funeral, and burial expenses; loss of Daniel's love and companionship; and attorney's fees and costs associated with the administration of the estate and prosecution of the wrongful death claim.

**WHEREFORE,** SUSAN K. LEE and BRIAN D. LEE, as Co-Personal Representatives of the ESTATE OF DANIEL LEE, Deceased, by counsel, Robert J. Boughter of **BOUGHTER SINAK, LLC** and Timothy L. Karns of **WAGNER REESE, LLP** prays for judgment against the Defendant, ARROWOOD-SOUTHERN COMPANY in an amount sufficient to compensate the Unsupervised Estate of Daniel Lee, including all damages recoverable under the Indiana Adult Wrongful Death Act, I.C., 34-23-1-2, for prejudgment interest, and for all other relief this court deems just and proper in the premises.

Respectfully submitted:

**BOUGHTER SINAK, LLC**                    **WAGNER REESE, LLP**



                                         */s/ Timothy L. Karns*

Robert J. Boughter, #23512-53          Timothy L. Karns, #27190-06
5150 West Jefferson Boulevard          11939 North Meridian Street,
Fort Wayne, IN 46804                   Suite 100
Tel:  260-420-4878                     Carmel, IN 46032
Fax: 260-420-0600                      Tel:  317-569-0000
robert@boughtersinak.com               Fax: 317-569-8088
*Attorney for Plaintiff*                 tkarns@wagnerreese.com
                                       *Attorney for Plaintiff*

## **JURY DEMAND**

Comes now the Plaintiff, by counsel, and demands trial by jury against all

Defendants on all issues set forth in this cause of action.

Respectfully submitted:

**BOUGHTER SINAK, LLC**                    **WAGNER REESE, LLP**



                                         */s/ Timothy L. Karns*

Robert J. Boughter, #23512-53          Timothy L. Karns, #27190-06
5150 West Jefferson Boulevard          11939 North Meridian Street,
Fort Wayne, IN 46804                   Suite 100
Tel:  260-420-4878                     Carmel, IN 46032
Fax: 260-420-0600                      Tel:  317-569-0000
robert@boughtersinak.com               Fax: 317-569-8088
*Attorney for Plaintiff*                 tkarns@wagnerreese.com
                                       *Attorney for Plaintiff*