UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SUSAN K. LEE and BRIAN D. LEE, as Co-Personal Representatives of the UNSUPERVISED ESTATE OF DANIEL LEE, Deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 1:21-CV-28-HAB |
| RBT SERVICES, INC., et al., | ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**

Defendant RBT Services, Inc.'s ("RBT") motion to dismiss (ECF No. 34) presents two separate but interrelated questions: (1) can a plaintiff bring a claim under the Restatement (Second) of Torts, § 324A outside the scope of the Indiana Product Liability Act ("IPLA"); and (2) does Plaintiffs' Amended Complaint allege such a claim? Because the answer to the second question is no, the motion to dismiss will be granted. That said, because the answer to the first question is yes, and because Plaintiffs have the facts to allege such a claim, they will be given the right to re-plead.

**A.      Factual and Procedural Background**

Decedent Daniel Lee was tragically killed while operating a mobile conveyor unit manufactured by RBT. After being named co-personal representatives, Plaintiffs began this wrongful death action in the Allen County, Indiana, Superior Court. Defendants removed the action to this Court based on diversity jurisdiction. Plaintiffs filed an Amended Complaint (ECF No. 26) in May of this year.

Two weeks after the Amended Complaint was filed, RBT moved to dismiss. RBT argues that Count I of the Amended Complaint, alleging negligence, "is a duplicate of Count II," which

alleges a cause of action under the IPLA. Plaintiffs disagree, relying on this Court's opinion in *Estabrook v. Mazak Corp.*, 2020 WL 4003490 (N.D. Ind. July 14, 2020). The motion to dismiss is now fully briefed.

**B.      Legal Analysis**

**1.      *Motion to Dismiss Standard***

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal if the complaint fails to set forth a claim upon which relief can be granted. "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Thus, when analyzing a Rule 12(b)(6) motion to dismiss, a court construes the claim in the light most favorable to the plaintiff, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

At a minimum, the claim must give fair notice of what the claim is and the grounds on which it rests; and the factual allegations must raise a right to relief above the speculative level. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009); *Tamayo*, 526 F.3d at 1081, 1083. While a claim need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "(t)hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although this does not require heightened fact pleading of specifics, it does require the claim to contain enough facts to

state a claim to relief plausible on its face. *Bell Atl. Corp.*, 550 U.S. at 570; *Tamayo*, 526 F.3d at 1083 ("(a) plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible rather than merely speculative, that he is entitled to relief").

**2.      *Estabrook***

There is general agreement between the parties that the IPLA governs all actions brought for, or on account of, personal injury or death caused by, or resulting from, the manufacture, construction, or design of a product. Ind. Code § 34-20-2-1 *et seq.*; *Dague v. Piper Aircraft Corp*, 418 N.E.2d 207, 212 (Ind. 1981). Where the parties diverge is in their interpretations of this Court's *Estabrook* decision. Plaintiffs assert that *Estabrook* supports their position, as it recognized that a § 324A claim could be brought outside the IPLA where such a claim is "premised entirely on a condition that was not present when the subject product was put into the stream of commerce." *Estabrook*, 2020 WL 4003490, at *6. RBT's position is that, if a § 324A claim is available, Plaintiffs haven't pled it. The Court agrees with both parties.

*Estabrook* was the culmination of a products liability case in which the Indiana Supreme Court, answering a certified question from this Court, concluded that the IPLA contains a ten-year statute of repose "that cannot be extended by a manufacturer's post-delivery repair, refurbishment, or reconstruction of the disputed product." *Estabrook v. Mazak Corp.*, 740 N.E.3d 830, 836–37 (Ind. 2020). Mazak then moved for summary judgment, as the product in that case had been manufactured and delivered outside the ten-year repose period. Estabrook recognized the Indiana Supreme Court's ruling but argued that his claim should proceed as one under § 324A of the Restatement.

This Court's *Estabrook* decision relied on an application of the law-of-the-case doctrine. *Estabrook*, 2020 WL 4003490, at *3–4. As a result, the § 324A discussion is largely dicta. That said, this Court did conclude from its review of the relevant state and federal authorities that a § 324A claim might be recognized outside the IPLA if the claim was "premised entirely on a condition that was not present when the subject product was put into the stream of commerce." *Id*. at *6. This Court found that such a claim was not viable in *Estabrook* since "[p]laintiff's claim is that those products were designed and manufactured improperly to include the injury-causing [condition], not that [d]efendant damaged those products during service or that [d]efendant negligently failed to detect or repair the [condition]." *Id.*

Turning to this case, the Court continues to believe that the IPLA subsumes almost all claims related to injuries caused by defective products. The question, then, is whether Plaintiffs' Amended Complaint alleges one of those exceptions. The Court finds that it does not. Plaintiff's response to the motion to dismiss cites to several allegations that they believe assert a §324A claim (*see* ECF No. 36 at 7–8), but the Court believes that these allegations address only service and maintenance of the conveyor as it was manufactured. They do not allege that the fatal defect was created after the conveyor was placed into the stream of commerce. On its face, then, the Amended Complaint fails to state a viable § 324A claim.

That the instant complaint does not allege a viable claim is not the end of the discussion. Ordinarily, plaintiffs whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend before the entire action is dismissed. The Seventh Circuit has said this repeatedly. *E.g.*, *Luevano v. Wal–Mart Stores, Inc*., 722 F.3d 1014, 1024 (7th Cir. 2013); *Bausch v. Stryker Corp*., 630 F.3d 546, 562 (7th Cir. 2010); *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*,

377 F.3d 682, 687 & n. 3 (7th Cir. 2004) (collecting cases). Rule 15(a)(2) governs when court approval is needed to amend a pleading: "The court should freely give leave [to amend] when justice so requires." *See generally Foman v. Davis*, 371 U.S. 178, 182 (1962) (reversing denial of leave to amend by citing to Rule 15(a)(2)'s mandate to freely give leave to amend and stating "this mandate is to be heeded").

When the defect cannot be corrected so that amendment is futile, it might do no harm to deny leave to amend and to enter an immediate final judgment, just as when an amendment has been unduly delayed or would cause undue prejudice to other parties. *See*, *e.g.*, *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007); *James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 400–01 (7th Cir. 2006); *see also Foman*, 371 U.S. at 182 (leave to amend may be denied based on futility, undue delay, undue prejudice, or bad faith). But those situations are "rare." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and N.W. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015).

Plaintiffs have come forward with specific evidence, adduced through discovery, that may support a § 324A claim. (*See* ECF No. 44 at 2). Thus, the Court cannot conclude that an amendment specifically alleging these discovered facts would be legally futile. Count I of the Amended Complaint will be dismissed, but Plaintiffs will get a chance to re-plead.

**C.      Conclusion**

For these reasons, RBT's motion to dismiss Count I of the Amended Complaint (ECF No. 34) is GRANTED. Plaintiffs are ORDERED to file their Second Amended Complaint, if any, on or before September 10, 2021.

5

SO ORDERED on August 27, 2021.

                                              s/ Holly A. Brady
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT