IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SUSAN K. LEE and BRIAN D. LEE, as Co-Personal Representatives of the UNSUPERVISED ESTATE OF DANIEL LEE, deceased, <br><br> Plaintiff, <br> v. <br><br> RBT SERVICES, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) CASE NO. 1:21-CV-28-HAB ) ) ) ) |

**OPINION AND ORDER**

On June 21, 2022, the parties filed a Joint Stipulation of Dismiss as to Defendants Norfolk Southern Corporation, Norfolk Southern Railway Company, and Arrowhood-Southern Company (collectively, "the Railroad Defendants") (ECF No. 61). The stipulation indicates that, if granted, the action would remain pending as to Defendant RBT Services, Inc.

The stipulation makes no mention of a procedural basis for the rule but presumably their joint filing relies on Fed.R.Civ.P. 41(a)(1)(A)(ii). Federal Rule of Civil Procedure 41(a) provides the terms upon which an action may be voluntarily dismissed. The Seventh Circuit has indicated that Rule 41(a) should be used for the limited purpose of dismissing an entire action rather than for dismissal of individual parties or piecemeal claims. *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) ("Although some courts have held otherwise, we've said that Rule 41(a) does not speak of dismissing one claim in a suit; it speaks of dismissing an action—which is to say, the whole case.") (first quoting *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001); then citing *Nelson v. Napolitano*, 657 F.3d 586, 588 (7th Cir. 2011)).

According to the Seventh Circuit then, Rule 41(a) is not the proper vehicle for dropping individual parties or claims. *See Taylor,* 787 F.3d at 858 n.9. ("The parties indicated that it's common practice in some district courts in this circuit to allow the voluntary dismissal of individual claims under Rule 41(a). If that is true, we remind judges to use Rule 15(a) instead.").

Normally, then, this Court would grant leave for the Plaintiff to file an amended complaint. However, the parties appear to have settled this matter (Mediator's Final Report, ECF No. 58) and the Magistrate Judge set a dismissal papers deadline. Defendant RBT Services, Inc., the only defendant not included in this stipulation, has requested an extension to file dismissal papers until June 28, 2022. (ECF No. 60). Since granting the joint stipulation for the Railroad Defendants would not end the action as Rule 41 requires, rather than require an amended complaint, the Court shall grant the parties until June 28, 2022, to file a joint stipulation including all the parties in the case.

## CONCLUSION

For the reasons stated above, the Joint Stipulation of Dismissal (ECF No. 61) has no effect and will be termed as a pending motion on the Court's docket. The parties are provided until June 28, 2022, to file a joint stipulation that includes all the parties to the case. RBT Services, Inc.'s, motion for extension of time is DENIED as MOOT (ECF No. 60).

SO ORDERED on June 21, 2022.

s/ *Holly A. Brady*  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT
